UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

DOMINICA O'NEILL,

                Plaintiff,

-against-

MICHAEL R. EDELMAN a/k/a "THE
CONSULTANT", individually, PHILLIP
AMICONE, individually and in his capacity
as Mayor of the City of Yonkers, New York,
EDMUND HARTNETT, individually, and as
Police Commissioner of the City of Yonkers,
New York, JOHN FLEMING a/k/a "MOB BUSTER",
individually and in his capacity as Executive
Assistant to the Mayor of the City of Yonkers,
New York, LAWRENCE PORCARI a/k/a
"ETHAN EDWARDS", individually and in
his capacity as Assistant Corporation Counsel
for the City of Yonkers, New York, and the
CITY OF YONKERS, New York,

                Defendants

------------------------------------------------------------x

FILED JUN 26 2008 USDC WP SDNY

08 CIV. 5757

**COMPLAINT**

**Jury Trial Demanded**

      Plaintiff DOMINICA O'NEILL, by her attorney, Jonathan Lovett, Esq., for her complaint respectfully states:

### NATURE OF THE ACTION

      1. This is an action for compensatory and punitive damages, proximately resulting from conduct engaged in by the Defendants while acting jointly under color of New York

1

State law, for violations of Plaintiff's rights as guaranteed by the First Amendment to the United States Constitution, 42 U.S.C. §1983, 42 U.S.C. §1985(2), and the common law of the State of New York.

## JURISDICTION

2. The Court's jurisdiction is invoked pursuant to 28 U.S.C. 1331, 1343. Plaintiff's supplemental state law claim is interposed in accordance with 28 U.S.C. §1367.

## THE PARTIES

3. Plaintiff DOMINICA O'NEILL is a citizen of the United States, a domiciliary of the State of New York, and a resident of the Northern Counties. She is an employee of a corporation owned by Selim Zherka (hereinafter "Zherka"), a law-abiding former partner of Zherka in certain real estate transactions, manager of certain real estate on behalf of Zherka, a principal of "Sunday Management, Inc." (hereinafter "Sunday Management'), a principal of "Pacific Club Holdings, Inc.", and a former principal of "Pacific Club Holdings, II, Inc.". Plaintiff: i) is not, and never has been, a partner and/or business associate of any Albanian organized crime figure and/or mobster; iii) is not, and never has been a mobster; is not, and never has been involved in any corporation that had/has ties to organized crime and/or Albanian organized crime figures; is not, and never has been involved in any corporation that had/has as an officer, shareholder and/or principal an Albanian mobster and/or member of any Albanian organized crime family; is not, and has never been involved in organized criminal activities, other criminal activities, and/or "mob" activities; and is not, and never has been involved in any fraud much less one pertaining to Section 8 housing. In 2007:

2

a). Plaintiff and Zherka actively supported the candidacy of Dennis Robertson, an individual who ran against Defendant Amicone in the 2007 mayoral election in the City of Yonkers, New York. As such Plaintiff made a financial contribution to the Robertson campaign, through a corporation owned by her (Sunday Management), which contribution was forwarded to the Robertson campaign by Zherka.

b) Zherka as the owner/publisher of a weekly periodical (The Westchester Guardian) was highly critical of Defendant Amicone's performance as Mayor of the City of Yonkers with respect to *inter alia*: corruption permeating his administration; no-show jobs for political cronies resulting in the theft of taxpayer's money in excess of $1,000,000; repeated First Amendment violations; failure to curb and/or attempt to curb systemic police brutality within the Police Department of the City of Yonkers; inability and/or unwillingness to reduce City spending and taxes; gross misuse of the City's police force to prohibit dissemination within the Defendant City of The Westchester Guardian; and gross misuse of the City's police force to target Plaintiff, Zherka and other individuals, who non-disruptively and lawfully distributed copies of The Westchester Guardian on City-owned public property, for criminal prosecution on a supposed Yonkers' Code violation (Section 100-35) which as applied was patently unconstitutional.

4. Defendant MICHAEL R. EDELMAN a/k/a "THE CONSULTANT", who is sued in his individual and personal capacities only, during the Yonkers' mayoral election campaign in 2007 was Defendant Amicone's paid political consultant; he previously has served as a paid political consultant for Janet DiFiore, currently the Westchester County District Attorney and

3

a Defendant in a pending First Amendment civil rights action brought by Zherka [Zherka v. DiFiore, 08 Civ. 3469 (CLB)]. "THE CONSULTANT" is Edelman's so-called "handle" as used by him on a blog ("Politics on the Hudson", hereinafter the "blog") operated and maintained by The Journal News/lohud.com.

5. Defendant PHILLIP AMICONE (hereinafter "Amicone"), who is sued in his individual and official capacities, at all times relevant to this complaint was the duly elected Mayor of the City of Yonkers, New York.

6. Defendant EDMUND HARTNETT (hereinafter "Hartnett"), who is sued individually and in his official capacity at all times relevant to this complaint was the duly appointed Police Commissioner of the City of Yonkers, New York.

7. Defendant JOHN FLEMING (hereinafter "Fleming") a/k/a "MOB BUSTER", who is sued individually and in his official capacity, at all times relevant to this complaint was the duly appointed Executive Assistant to the Mayor of the City of Yonkers, New York. "MOB BUSTER" is Fleming's so-called "handle" used by him on the blog.

8. Defendant LAWRENCE PORCARI (hereinafter "Porcari") a/k/a "ETHAN EDWARDS", who is sued individually and in his official capacity, at all times relevant to this complaint was employed as an Assistant Corporation Counsel for the City of Yonkers, New York. "ÉTHAN EDWARDS" is Porcari's so-called "handle" used by him on the blog.

9. Defendant CITY OF YONKERS, New York (hereinafter "City"), is a municipal corporate subdivision of the State of New York duly existing by reason of and pursuant to the laws of the State of New York.

## THE FACTS

10. On October 3, 2007, at 4:48 p.m. Edelman posted as "THE CONSULTANT" on the blog reference to "Albanian organized crime" and announced as a matter of fact: "...Sam [Selim] Zherka is the kingpin who runs this group. Ask the feds, who have been protecting him for years in exchange for info on other organized crime families. Sam Zherka ...run[s] it [a gentlemens club] today along with various other clubs, diners, bakeries – anywhere they can launder their ill gotten strip club cash from the IRS. They're pretty feared, as muslim Albanians go".

11. On October 3, 2007, at 6:19 p.m. Porcari using his handle "ETHAN EDWARDS" responded to Edelman's blog entry of that date advising with respect to the "factual" data contained in it: "Consultant: All, or at least the great majority of that data is already confirmed".

12. On October 4, 2007, at 4:35 p.m. Porcari as "ETHAN EDWARDS" advised Edelman by a blog posting: "Frankly, in my opinion, a protected opinion, Zherka is laundering millions in dirty money".

13. On October 4, 2007, at 6:16 p.m. Fleming as "MOB BUSTER" posted on the blog: "The Feds have been looking into Sam Zherka for quite some time. Here are some of the Zherka businesses that the Feds have a radar on...1. Prejoni Development Corp, 2. Nepolean Construction, 3. ABCZ Corp, 4. Metro Holding Corp, 5. Metro Holding & Mgmt, 6. Metro Holding & Mgmt LTD, 7. Metro Holding II LTD, 8. Metro S. Holding Corp., 9. New York Metro Holdings Corp., 10. Zherka Realty Inc., 11. Zherka, Dowling, Fiore, Butch, Lukaj &

Oneill, Inc., 12. Sundry Management Inc., 13. West 20th Enterprises, 14. MKSZ Realty, Inc., 15. Pacific Club Holdings, Inc., 16. Pacific Club Holdings II, Inc., 17. Sunday Management, Inc. (partner with Domenica O'Neill), 18. JR Realty Management, Inc. (partner with Genaro Morales), 19. Springfield Holdings. . .Sam Zherka does have many aliases . . .Sam Zenka, Sam Zherka, Sam Zhreka. . .REALLY DANGEROUS AND BAD GUY!".

14. On October 4, 2007, at 6:40 p.m. Fleming as "MOB BUSTER" posted an entry on the blog: "Most of the people listed as plaintiffs [in Sayegh v. Amicone, 07 Civ. 8048 (CLB), Lukaj v. Amicone, 07 Civ. 8184 (CLB), Kllapija v; Amicone, 07 Civ. 7597 (CLB), Guevara v. Amicone, 07 Civ. 6941 (CLB), Gonzalez v. Amicone, 07 civ. 7600 (CLB), Dzikovic v. Amicone, 07 Civ. 7692 (CLB), and Ayala v. City of Yonkers, 07 Civ. 8186 (CLB)] are not aware that their names were included in a lawsuit against the City of Yonkers. Also, many on this list do not even read or write english. Some are Nader Sayegh's tenants who are defrauding section 8 with the help of Nader Sayegh. . .If the City of Yonkers would like a more detailed information on each litigant, the research has been completed, and is readily available upon asking. I will make certain that my tax dollars does [sic.] not go to help the MOB. These are only a few names of the litigants. . .1. Madelin Suleiman, 2. Lana Marji, 3. Kenneth Heslop, 4. Randa Sayegh, 5. Chandra Sookdeo, 6. Joni Campbell, 7. Yolanda Collazo, 8. Roberto Rodriguez, 9. Guillermo Corso, 10. Chesekia Corso, 11. Mario Martinez, 12. Angel Feliz, Sr., 13. Angel Feliz Jr., 14. Maribel Ayala, 15. Domenica O'Neill, 15. Richard Guzman, 16. Cesar Castillo".

15. On October 4, 2007, at 8:49 p.m. Fleming as "MOB BUSTER", posted an entry on the blog: "I discovered footage of Zherka and the motley crew standing before the

6

Federal [Courthouse] steps calling the Independence Party corrupt. . .I will not allow these evil people (MOBSTERS) to prevail".

16. On October 5, 2007, at 5:25 p.m. Edelman as "THE CONSULTANT" published on the blog: "The only thing that remains to be determined in the breadth of the zherka influence in the Robertson campaign. . . .sifting through the numerous corporations contributing there are a number that have one incorporator in common. .sam zherka. I believe that of the [$]63,000 that is raised [for the Robertson campaign] over 50% comes from a zherka owned entity".

17. On October 5, 2007, at 7:04 p.m. Porcari as "ETHAN EDWARDS" posted on the blog: "Yes, all those figures in Robertson's [campaign donor] filing must be gone over carefully. I saw the large amount I did with just a quick look because I know many of Zherka's corporations. . .I suggest the US Attorney should be notified of all this, as well as the Westchester [County] DA, the Yonkers PD, and the State Elections Board. There is still a complaint to be filed. . .Maybe the new Yonkers Republican execs can file it jointly. . .Does anyone still want to say the Guardian can claim it's a legitimate newspaper? Under the Guardian's own name, Zherka gave $5,000 to Robertson".

18. On October 5, 2007, at 7:05 p.m. Porcari as "ETHAN EDWARDS" posted on the blog: "How about because none of Amicone's donors are tied to the Albanian mob?"

19. On October 5, 2007, at 8:00 p.m. Fleming as "MOB BUSTER", made an entry on the blog with respect to Plaintiff, who he identified as "Sammy Zherka":

> "I am conducting this investigation not because anyone has asked me to, but because I love Yonkers, and it is despicable to see someone who in my opinion is money laundering, and using the City of Yonkers to try and further his criminal activity".

20. On October 6, 2007, at 8:38 p.m. Fleming as "MOB BUSTER" posted to the blog: "Mr. Ethan Edwards, I discovered a lot about [Genaro] Morales, and just to give a bit of information to those who may be somewhat curious, there is quite a bit of mortgage fraud with this character and his partner Zherka".

21 On October 8, 2007, at 2:56 p.m. Fleming as "MOB BUSTER" posted to the blog: "Mr. Ethan Edwards, the JN [Journal News] never reports correctly. Zherka. . . runs a sleazy escort service".

22 On October 8, 2007, at 4:19 p.m. Porcari as "ETHAN EDWARDS" posted to the blog: "Mob Buster. . .Do you have anything on Nubreed Entertainment, which is another Zherka corp. that gave money to Robertson. . .Actually, I wonder if the escort service is in Houston, NY, or somewhere else. By the way, since your information is law-enforcement related, I suggest you send it to: Edmund Hartnett, Yonkers Police Commissioner. . .".

23 On October 8, 2007, at 10:14 p.m. Fleming as "MOB BUSTER" posted to the blog: "Mr. Ethan Edwards, thanks for the contact information. These people are dangerous, and it real serious territory, the authorities MUST be contacted. For your inquiry about Nubreed. . .This is definitely linked to the Albanian Mob".

24 On October 10, 2007 at 1:55 p.m. Porcari using his handle "ETHAN

EDWARDS" made a blog entry: "[D]emanding that Robertson explain his ties to Zherka . . .Regardless, the Republicans should get their list of Zherka contributions to Robertson complete. . .But this list here, to this point, is accurate – 1. ABCZ Corp. $5,000, 2. Casanova Ent. $500, 3. Kukaj Mgt. $500, 4. Metro Holdings $5,000, 5. MKSZ Realty $5,000, 6. Moe Management $500, 7. Gennaro Morales, $1,600, 8. Nubreed Ent. $500, 9. Pacific Holdings $1,250, 10. Sunday Mgt. $500, 11. The Guardian News $5,000".

25 On October 16, 2007, at 8:20 p.m. Porcari as "ETHAN EDWARDS" posted to the blog: "Dennis Robertson, who has been purchased by Sam Zherka, who is linked to the Albanian mob, is telling everyone how to fight crime".

26 On October 17, 2007, at 8:24 p.m. Porcari as "ETHAN EDWARDS" posted to the blog: "In the other world, Robertson's master, the Albanian mob-linked Selim (Sam) Zherka, has sent out an horrific race-baiting mailer full of lies about Amicone and the Yonkers Police Dept."

27 On October 17, 2007, at 8:33 p.m. Porcari as "ETHAN EDWARDS" posted on the blog: "Consultant. YOU were the first to say a crime was committed regarding Zherka and Robertson's money".

28 On the evening of October 17, 2007, during a 3rd Ward Republican meeting held at Asbury Church in the City of Yonkers, Amicone was introduced in the dual capacity of Mayor and candidate following which in those two capacities he addressed a gathering of approximately sixty Yonkers' residents.

29. In that connection Amicone, on the basis of false information provided to him by *inter alia* Edelman, Fleming, Porcari, and Hartnett specifically identified Zherka by name,

9

specifically referenced his position as owner/publisher of The Westchester Guardian following which Amicone told all of the persons present that as matters of fact Zherka:

    a. Is a "convicted drug dealer",

    b. Is an "Albanian mobster" and a "thug",

    c. Zherka will, in the event Amicone is not re-elected as Mayor, open "drug dens" throughout the City of Yonkers,

    d. Zherka will, in the event Amicone is not re-elected as Mayor, open "strip clubs" throughout the City of Yonkers, and *inter alia,*

    e. Zherka will, in the event Amicone is not re-elected as Mayor, "loot" Yonkers residents' "pension funds" and "loot" the City of Yonkers.

30. Each one of the statements of supposed fact referenced in the preceding paragraphs regarding Plaintiff and Zherka was:

    i) absolutely, completely and in every respect materially false;

    ii) knowingly and intentionally uttered by those Defendants in calculated and/or reckless disregard for the truth;

    iii) published by them without benefit of any privilege/authorization;

    iv) intended by them to impute to Plaintiff and Zherka serious criminal wrong-doing, a criminal history, criminal activity member of an Albanian "mob" and/or a person affiliated with such a criminal enterprise;

    v) intended by those Defendants to expose Plaintiff and Zherka to public contempt, ridicule, aversion, disgrace and/or to induce an evil opinion of Plaintiff and Zherka in the minds of right-thinking persons and to deprive

>   Plaintiff of their friendly intercourse in society;
>
>   vi) intended by those Defendants to retaliate against Plaintiff and Zherka for their having advocated Robertson's election as Mayor and Amicone's defeat as a mayoral candidate for re-election in 2007, and,
>
>   vii) intended by those Defendants to deter, intimidate and/or threaten Plaintiff and Zherka with respect to any future advocacy in prospective election campaigns conducted with respect to public office in the Defendant City.

31. On or subsequent to October 17, 2007, Edelman, Amicone, Hartnett, Fleming and Porcari acting in concert provided and/or caused to be provided to the Westchester County District Attorney, Janet DiFiore (hereinafter "DiFiore"), the complaint (referenced by "Porcari" *supra* in paragraph "17") embodying all of the false information that they had published on the blog and/or at Asbury Church with the objective of having DiFiore arrange for a First Amendment retaliatory criminal investigation of Zherka and all of the other Robertson campaign contributors identified on the blog - - including Plaintiff. Defendants' objective in doing so was to chill Plaintiff, Zherka, and those other contributors' in the future exercise of their First Amendment protected rights and to cause them injury and damages in connection with their private business and/or social activities.

32. DiFiore agreed to assist Defendants and, in order to deflect from herself and/or her Office (because she in her capacity as District Attorney has personally threatened Zherka regarding a news article published in <u>The Westchester Guardian</u> regarding her husband's attempt to bribe a candidate who was running against DiFiore for elective office and because she informed a now-former political confident of hers that she was going to "get" Zherka), she

11

contacted a New York County Assistant District Attorney, Matthew Bogdanos, through her (DiFiore's) husband, Dennis Glazer, Esq. who: is a personal friend of Bogdanos; whose law firm has hosted legal seminars and/or programs with and/or on behalf of Bogdanos; and whose law firm has over the years hired former Assistant District Attorneys from New York County upon their retirement and/or resignation from the Manhattan District Attorney's Office. In that connection Bogdanos is nearing retirement as an Assistant District Attorney.

33. Bogdanos, as a self-serving political and personal accommodation to DiFiore's husband and DiFiore, agreed on the basis of subjective bad faith to investigate Plaintiff, Zherka, and the other Robertson campaign contributors despite the complete lack of any evidence of criminal wrong-doing; the complete lack of jurisdiction by the New York County District Attorney's Office over any supposed "crimes" as fabricated by Defendants, and solely because those persons exercised their First Amendment protected right to advocate against Amicone and in favor of Robertson as a candidate for Mayor in Yonkers in 2007.

34. Knowing that the allegations against Plaintiff, Zherka and the other Robertson campaign contributors were totally false, Bogdanos agreed to engage in investigative activities having adopted/embraced Defendants' objectives of: destroying Plaintiff and Zherka's reputations; destroying and/or damaging Plaintiff's businesses; chilling her in the exercise of his First Amendment rights; punishing her for her exercise of her First Amendment rights in supporting Robertson in his election campaign against Amicone; deterring, intimidating, and/or threatening Plaintiff and; injuring Plaintiff and Zherka in their person or property on account of their having engaged in First Amendment protected conduct.

35. In connection with that investigation Bogdanos for the benefit of Defendants

and without evidence whatsoever involving the commission by Plaintiff and/or Zherka of any crime and/or crimes within and/or without his jurisdiction has: i) advised at least one attorney who in the past has had an attorney/client relationship with Plaintiff, that he (Bogdanos) is investigating Zherka by reason of his Albanian mob connection, tax fraud, money laundering, illicit drug dealings, and operation of a prostitution ring; ii) encouraged and/or permitted at least one investigator in the New York County District Attorney's Office to advise a supposed witness that Zherka is the biggest drug dealer in New York; iii) issued dozens of "grand jury" subpoenas (with documents to be produced pursuant to same in Bogdanos' office rather than having the subpoenas returnable before any sitting grand jury) to every corporation and/or person identified by Defendants (including Plaintiff's corporations) as having made financial contributions to the Robertson election campaign - - deliberately impairing Plaintiff's reputation, business operations, and business relationships; iv) published and/or re-published the false allegations that Defendants had posted on the blog;  v) falsely reporting to an organized crime investigative unit of the New York City Police Department that Zherka is an Albanian mobster; and *inter alia* vi) otherwise assisted Defendants in violating Plaintiff's rights and those of Zherka.

36. As a proximate result of Defendants' conduct Plaintiff has been caused to suffer: multiple violation of his rights as protected by the First Amendment to the United States Constitution; multiple violations of his rights as protected by 42 U.S.C. §1985(2); a chilling of his prospective exercise of his First Amendment protected rights; *per se* slander; irreparable injury to his professional reputation; emotional upset; anxiety; public humiliation; public shame; public embarrassment; and he has otherwise been rendered sick and sore.

## AS AND FOR A FIRST CLAIM
## AGAINST ALL DEFENDANTS

37. Repeats and realleges as if fully set forth the allegations of fact contained in paragraphs "1" to "36" inclusive.

38. Under the premises Defendants' conduct violated Plaintiff's rights as guaranteed by the First Amendment to the United States Constitution, 42 U.S.C. 1983.

## AS AND FOR A SECOND CLAIM
## AGAINST ALL DEFENDANTS

39. Repeats and realleges as if fully set forth the allegations of fact contained in paragraphs "1" to "36", inclusive.

40. Under the premises Defendants' conduct violated Plaintiffs right as guaranteed by 42 U.S.C. 1985(2).

## AS AND FOR A THIRD CLAIM
## AGAINST DEFENDANTS EDELMAN,
## AMICONE, HARTNETT, PORCARI, AND
## FLEMING IN THEIR INDIVIDUAL CAPACITIES
## AS POSTERS ON THE BLOG

41. Repeats and realleges as if fully set forth the allegations of fact contained in Paragraphs "1" to "35", inclusive.

42. Under the premises Defendants' published utterances constituted *per se* defamation actionable for damages under the common law of the State of New York.

WHEREFORE a judgment is respectfully demanded:

    a. On the First and Second Claims awarding against the individually

14

   named Defendants such punitive damages as the jury may

   impose,

   b. On the First and Second Claims awarding against the individually

   named Defendants such compensatory damages as the jury may determine,

   c. On the Third Claim permanently awarding against Defendants such

   compensatory damages as the jury may determine,

   d. On the First and Second Claims awarding reasonable attorney's fees

   and costs, and,

   e. Granting such other and further relief as to the Court seems just and proper.

Dated: White Plains, N.Y.
      June 25, 2008

                                            Jonathan Lovett, Esq.
                                            Attorneys for Plaintiff
                                            By: _____
                                            Jonathan Lovett (4854)
                                            222 Bloomingdale Road
                                            White Plains, N.Y. 10605
                                            914-428-8401