**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

DOMINICA O'NEILL,

                                        Plaintiff,

                    -against-

MICHAEL R. EDELMAN a/k/a "THE
CONSULTANT", individually, Phillip Amicone,
individually and in his capacity as Mayor of the
City of Yonkers, New York, EDMUND
HARTNETT, individually, and as Police
Commissioner of the City of Yonkers, New York,
JOHN FLEMING a/k/a "MOB BUSTER",
individually and in his capacity as Executive
Assistant to the Mayor of the City of Yonkers,
New York, LAWRENCE PORCARI a/k/a
"ETHAN EDWARDS", individually and in his
capacity as Assistant Corporation Counsel for the
City of Yonkers, New York, and the CITY OF
YONKERS, New York,

                                        Defendants

**Case No. 08 Civ. 5757 (CLB)**

**DECLARATION OF BRIAN T.
BELOWICH IN SUPPORT OF
MOTION TO DISMISS**

        BRIAN T. BELOWICH HEREBY DECLARES UNDER PENALTIES OF PERJURY

AS FOLLOWS:

        1.      I am a member of the firm of DelBello Donnellan Weingarten Wise &

Wiederkehr, LLP, attorneys for defendants Philip Amicone, Edmund Hartnett, John Fleming,

Lawrence Porcari and the City of Yonkers (collectively, "Defendants")

        2.      I respectfully submit this declaration in support of Defendants' motion to dismiss

the Complaint herein pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil

Procedure.

3.      I am fully familiar with the facts set forth herein based upon my own personal knowledge and from a review of files related to this action.

4.      Annexed hereto as Exhibit A is a true and correct copy of the Complaint in this action filed on or about June 30, 2008.

5.      Annexed hereto as Exhibit B is a true and correct copy of the Complaint in the action entitled *Ayala v. Amicone*, 07 Civ. 7080.

6.      Annexed hereto as Exhibit C is a true and correct copy of the Complaint in the action entitled *Ayala v. Amicone*, 07 Civ. 8186.

I HEREBY DECLARE PURSUANT TO 28 U.S.C. § 1746, UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

Dated: August 12, 2008
      White Plains, New York

BRIAN T. BELOWICH

# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
———————————————————————x

DOMINICA O'NEILL,

                                        Plaintiff,

     -against-

MICHAEL R. EDELMAN a/k/a "THE
CONSULTANT", individually, PHILLIP
AMICONE, individually and in his capacity
as Mayor of the City of Yonkers, New York,
EDMUND HARTNETT, individually, and as
Police Commissioner of the City of Yonkers,
New York, JOHN FLEMING a/k/a "MOB BUSTER",
individually and in his capacity as Executive
Assistant to the Mayor of the City of Yonkers,
New York, LAWRENCE PORCARI a/k/a
"ETHAN EDWARDS", individually and in
his capacity as Assistant Corporation Counsel
for the City of Yonkers, New York, and the
CITY OF YONKERS, New York,

                                        Defendants
———————————————————————x

**FILED**

JUN 26 2008

**USDC WP SDNY**

## 08 CIV. 5757

**COMPLAINT**

**Jury Trial Demanded**

        Plaintiff DOMINICA O'NEILL, by her attorney, Jonathan Lovett, Esq., for her

complaint respectfully states:

### NATURE OF THE ACTION

        1. This is an action for compensatory and punitive damages, proximately resulting

from conduct engaged in by the Defendants while acting jointly under color of New York

1

State law, for violations of Plaintiff's rights as guaranteed by the First Amendment to the United States Constitution, 42 U.S.C. §1983, 42 U.S.C. §1985(2), and the common law of the State of New York.

JURISDICTION

2. The Court's jurisdiction is invoked pursuant to 28 U.S.C. 1331, 1343. Plaintiff's supplemental state law claim is interposed in accordance with 28 U.S.C. §1367.

THE PARTIES

3. Plaintiff DOMINICA O'NEILL is a citizen of the United States, a domiciliary of the State of New York, and a resident of the Northern Counties. She is an employee of a corporation owned by Selim Zherka (hereinafter "Zherka"), a law-abiding former partner of Zherka in certain real estate transactions, manager of certain real estate on behalf of Zherka, a principal of "Sunday Management, Inc." (hereinafter "Sunday Management"), a principal of "Pacific Club Holdings, Inc.", and a former principal of "Pacific Club Holdings, II, Inc.". Plaintiff: i) is not, and never has been, a partner and/or business associate of any Albanian organized crime figure and/or mobster; iii) is not, and never has been a mobster; is not, and never has been involved in any corporation that had/has ties to organized crime and/or Albanian organized crime figures; is not, and never has been involved in any corporation that had/has as an officer, shareholder and/or principal an Albanian mobster and/or member of any Albanian organized crime family; is not, and has never been involved in organized criminal activities, other criminal activities, and/or "mob" activities; and is not, and never has been involved in any fraud much less one pertaining to Section 8 housing. In 2007:

2

a). Plaintiff and Zherka actively supported the candidacy of Dennis Robertson, an individual who ran against Defendant Amicone in the 2007 mayoral election in the City of Yonkers, New York. As such Plaintiff made a financial contribution to the Robertson campaign, through a corporation owned by her (Sunday Management), which contribution was forwarded to the Robertson campaign by Zherka.

b) Zherka as the owner/publisher of a weekly periodical (The Westchester Guardian) was highly critical of Defendant Amicone's performance as Mayor of the City of Yonkers with respect to, inter alia: corruption permeating his administration; no-show jobs for political cronies resulting in the theft of taxpayer's money in excess of $1,000,000; repeated First Amendment violations; failure to curb and/or attempt to curb systemic police brutality within the Police Department of the City of Yonkers; inability and/or unwillingness to reduce City spending and taxes; gross misuse of the City's police force to prohibit dissemination within the Defendant City of The Westchester Guardian; and gross misuse of the City's police force to target Plaintiff, Zherka and other individuals, who non-disruptively and lawfully distributed copies of The Westchester Guardian on City-owned public property, for criminal prosecution on a supposed Yonkers' Code violation (Section 100-35) which as applied was patently unconstitutional.

4. Defendant MICHAEL R. EDELMAN a/k/a "THE CONSULTANT", who is sued in his individual and personal capacities only, during the Yonkers' mayoral election campaign in 2007 was Defendant Amicone's paid political consultant; he previously has served as a paid political consultant for Janet DiFiore, currently the Westchester County District Attorney and

3

a Defendant in a pending First Amendment civil rights action brought by Zherka [Zherka v. DiFiore, 08 Civ. 3469 (CLB)]. "THE CONSULTANT" is Edelman's so-called "handle" as used by him on a blog ("Politics on the Hudson", hereinafter the "blog") operated and maintained by The Journal News/lohud.com.

5. Defendant PHILLIP AMICONE (hereinafter "Amicone"), who is sued in his individual and official capacities, at all times relevant to this complaint was the duly elected Mayor of the City of Yonkers, New York.

6. Defendant EDMUND HARTNETT (hereinafter "Hartnett"), who is sued individually and in his official capacity at all times relevant to this complaint was the duly appointed Police Commissioner of the City of Yonkers, New York.

7. Defendant JOHN FLEMING (hereinafter "Fleming") a/k/a "MOB BUSTER", who is sued individually and in his official capacity, at all times relevant to this complaint was the duly appointed Executive Assistant to the Mayor of the City of Yonkers, New York. "MOB BUSTER" is Fleming's so-called "handle" used by him on the blog.

8. Defendant LAWRENCE PORCARI (hereinafter "Porcari") a/k/a "ETHAN EDWARDS", who is sued individually and in his official capacity, at all times relevant to this complaint was employed as an Assistant Corporation Counsel for the City of Yonkers, New York. "ETHAN EDWARDS" is Porcari's so-called "handle" used by him on the blog.

9. Defendant CITY OF YONKERS, New York (hereinafter "City"), is a municipal corporate subdivision of the State of New York duly existing by reason of and pursuant to the laws of the State of New York.

4

## THE FACTS

10. On October 3, 2007, at 4:48 p.m. Edelman posted as "THE CONSULTANT" on the blog reference to "Albanian organized crime" and announced as a matter of fact: ". . .Sam [Selim] Zherka is the kingpin who runs this group. Ask the feds, who have been protecting him for years in exchange for info on other organized crime families. Sam Zherka . . .run[s] it [a gentlemens club] today along with various other clubs, diners, bakeries – anywhere they can launder their ill gotten strip club cash from the IRS. They're pretty feared, as muslim Albanians go".

11. On October 3, 2007, at 6:19 p.m. Porcari using his handle "ETHAN EDWARDS" responded to Edelman's blog entry of that date advising with respect to the "factual" data contained in it: "Consultant: All, or at least the great majority of that data is already confirmed".

12. On October 4, 2007, at 4:35 p.m. Porcari as "ETHAN EDWARDS" advised Edelman by a blog posting: "Frankly, in my opinion, a protected opinion, Zherka is laundering millions in dirty money".

13. On October 4, 2007, at 6:16 p.m. Fleming as "MOB BUSTER" posted on the blog: "The Feds have been looking into Sam Zherka for quite some time. Here are some of the Zherka businesses that the Feds have a radar on. ...1. Prejoni Development Corp, 2. Nepolean Construction, 3. ABCZ Corp, 4. Metro Holding Corp, 5. Metro Holding & Mgmt, 6. Metro Holding & Mgmt LTD, 7. Metro Holding II LTD, 8. Metro S. Holding Corp., 9. New York Metro Holdings Corp., 10. Zherka Realty Inc., 11. Zherka, Dowling, Fiore, Butch, Lukaj &

5

Oneill, Inc., 12. Sundry Management Inc., 13. West 20th Enterprises, 14. MKSZ Realty, Inc.,
15. Pacific Club Holdings, Inc., 16. Pacific Club Holdings II, Inc., 17. Sunday Management,
Inc. (partner with Domenica O'Neill), 18. JR Realty Management, Inc. (partner
with Genaro Morales), 19. Springfield Holdings. . .Sam Zherka does have many aliases
. . .Sam Zenka, Sam Zherka, Sam Zhreka. . .REALLY DANGEROUS AND BAD GUY!".

14. On October 4, 2007, at 6:40 p.m. Fleming as "MOB BUSTER"
posted an entry on the blog: "Most of the people listed as plaintiffs [in Sayegh v. Amicone, 07
Civ. 8048 (CLB), Lukaj v. Amicone, 07 Civ. 8184 (CLB), Kilapija v. Amicone, 07 Civ.
7597 (CLB), Guevara v. Amicone, 07 Civ. 6941 (CLB), Gonzalez v. Amicone, 07 civ. 7660
(CLB), Dzikovic v. Amicone, 07 Civ. 7692 (CLB), and Ayala v. City of Yonkers, 07 Civ.
8186 [CLB] are not aware that their names were included in a lawsuit against the City of
Yonkers. Also, many on this list do not even read or write english. Some are Nader Sayegh's
tenants who are defrauding section 8 with the help of Nader Sayegh. . .If the City of Yonkers
would like a more detailed information on each litigant, the research has been completed, and
is readily available upon asking. I will make certain that my tax dollars does [sic.] not go to
help the MOB. These are only a few names of the litigants. . .1. Madelin Suleiman, 2. Lana
Marji, 3. Kenneth Heslop, 4. Randa Sayegh, 5. Chandra Sookdeo, 6. Joni Campbell, 7.
Yolanda Collazo, 8. Roberto Rodriguez, 9. Guillermo Corso, 10. Chesekia Corso, 11. Mario
Martinez, 12. Angel Feliz, Sr., 13. Angel Feliz Jr., 14. Maribel Ayala, 15. Domenica O'Neill,
15. Richard Guzman, 16. Cesar Castillo".

15. On October 4, 2007, at 8:49 p.m. Fleming as "MOB BUSTER", posted an entry on
the blog: "I discovered footage of Zherka and the motley crew standing before the

Federal [Courthouse] steps calling the Independence Party corrupt. . .I will not allow these evil people (MOBSTERS) to prevail".

16. On October 5, 2007, at 5:25 p.m. Edelman as "THE CONSULTANT" published on the blog: "The only thing that remains to be determined in the breadth of the zherka influence in the Robertson campaign. . . .sifting through the numerous corporations contributing there are a number that have one incorporator in common. .sam zherka. I believe that of the [$]63,000 that is raised [for the Robertson campaign] over 50% comes from a zherka owned entity".

17. On October 5, 2007, at 7:04 p.m. Porcari as "ETHAN EDWARDS" posted on the blog: "Yes, all those figures in Robertson's [campaign donor] filing must be gone over carefully. I saw the large amount I did with just a quick look because I know many of Zherka's corporations. . .I suggest the US Attorney should be notified of all this, as well as the Westchester [County] DA, the Yonkers PD, and the State Elections Board. There is still a complaint to be filed. . .Maybe the new Yonkers Republican execs can file it jointly. . .Does anyone still want to say the Guardian can claim it's a legitimate newspaper? Under the Guardian's own name, Zherka gave $5,000 to Robertson".

18. On October 5, 2007, at 7:05 p.m. Porcari as "ETHAN EDWARDS" posted on the blog: "How about because none of Amicone's donors are tied to the Albanian mob?"

19. On October 5, 2007, at 8:00 p.m. Fleming as "MOB BUSTER", made an entry on the blog with respect to Plaintiff, who he identified as "Sammy Zherka":

"I am conducting this investigation not because anyone has

asked me to, but because I love Yonkers, and it is despicable

to see someone who in my opinion is money laundering,

and using the City of Yonkers to try and further his criminal activity".

20. On October 6, 2007, at 8:38 p.m. Fleming as "MOB BUSTER" posted to the blog:

"Mr. Ethan Edwards, I discovered a lot about [Genaro] Morales, and just to give a bit of

information to those who may be somewhat curious, there is quite a bit of mortgage fraud

with this character and his partner Zherka".

21 On October 8, 2007, at 2:56 p.m. Fleming as "MOB BUSTER" posted to the blog:

"Mr. Ethan Edwards; the JN [Journal News] never reports correctly. Zherka. . . runs a sleazy

escort service".

22 On October 8, 2007, at 4:19 p.m. Porcari as "ETHAN EDWARDS" posted to the

blog: "Mob Buster. . .Do you have anything on Nubreed Entertainment, which is another

Zherka corp. that gave money to Robertson. . .Actually, I wonder if the escort service is in

Houston, NY, or somewhere else. By the way, since your information is law-enforcement

related, I suggest you send it to: Edmund Hartnett, Yonkers Police Commissioner. . .".

23 On October 8, 2007, at 10:14 p.m. Fleming as "MOB BUSTER" posted to the blog:

"Mr. Ethan Edwards, thanks for the contact information. These people are dangerous, and it

real serious territory, the authorities MUST be contacted. For your inquiry about Nubreed. .

.This is definitely linked to the Albanian Mob".

24 On October 10, 2007 at 1:55 p.m. Porcari using his handle "ETHAN

EDWARDS" made a blog entry: "[D]emanding that Robertson explain his ties to Zherka
. . .Regardless, the Republicans should get their list of Zherka contributions to Robertson
complete. . .But this list here, to this point, is accurate – 1. ABCZ Corp. $5,000, 2. Casanova
Ent. $500, 3. Kukaj Mgt. $500, 4. Metro Holdings $5,000, 5. MKSZ Realty $5,000,
6. Moe Management $500, 7. Gennaro Morales, $1,600, 8. Nubreed Ent. $500, 9. Pacific
Holdings $1,250, 10. Sunday Mgt. $500, 11. The Guardian News $5,000".

    25 On October 16, 2007, at 8:20 p.m. Porcari as "ETHAN EDWARDS" posted to the
blog: "Dennis Robertson, who has been purchased by Sam Zherka. who is linked to the
Albanian mob, is telling everyone how to fight crime".

    26 On October 17, 2007, at 8:24 p.m. Porcari as "ETHAN EDWARDS" posted to the
blog: "In the other world, Robertson's master, the Albanian mob-linked Selim (Sam) Zherka,
has sent out an horrific race-baiting mailer full of lies about Amicone and the Yonkers Police
Dept."

    27 On October 17, 2007, at 8:33 p.m. Porcari as "ETHAN EDWARDS" posted on the
blog: "Consultant. YOU were the first to say a crime was committed regarding Zherka and
Robertson's money".

    28 On the evening of October 17, 2007, during a 3rd Ward Republican meeting held at
Asbury Church in the City of Yonkers, Amicone was introduced in the dual capacity of Mayor
and candidate following which in those two capacities he addressed a gathering of approximately
sixty Yonkers' residents.

    29. In that connection Amicone, on the basis of false information provided to him by inter
alia Edelman, Fleming, Porcari, and Hartnett specifically identified Zherka by name,

specifically referenced his position as owner/publisher of The Westchester Guardian following which Amicone told all of the persons present that as matters of fact Zherka:

    a. Is a "convicted drug dealer",

    b. Is an "Albanian mobster" and a "thug",

    c. Zherka will, in the event Amicone is not re-elected as Mayor, open "drug dens" throughout the City of Yonkers,

    d. Zherka will, in the event Amicone is not re-elected as Mayor, open "strip clubs" throughout the City of Yonkers, and *inter alia,*

    e. Zherka will, in the event Amicone is not re-elected as Mayor, "loot" Yonkers residents' "pension funds" and "loot" the City of Yonkers.

30. Each one of the statements of supposed fact referenced in the preceding paragraphs regarding Plaintiff and Zherka was:

    i) absolutely, completely and in every respect materially false;

    ii) knowingly and intentionally uttered by those Defendants in calculated and/or reckless disregard for the truth;

    iii) published by them without benefit of any privilege/authorization;

    iv) intended by them to impute to Plaintiff and Zherka serious criminal wrong-doing, a criminal history, criminal activity member of an Albanian "mob" and/or a person affiliated with such a criminal enterprise;

    v) intended by those Defendants to expose Plaintiff and Zherka to public contempt, ridicule, aversion, disgrace and/or to induce an evil opinion of Plaintiff and Zherka in the minds of right-thinking persons and to deprive

Plaintiff of their friendly intercourse in society;

vi) intended by those Defendants to retaliate against Plaintiff and Zherka for their

having advocated Robertson's election as Mayor and Amicone's defeat as

a mayoral candidate for re-election in 2007, and,

vii) intended by those Defendants to deter, intimidate and/or threaten Plaintiff

and Zherka with respect to any future advocacy in prospective election

campaigns conducted with respect to public office in the Defendant City.

31. On or subsequent to October 17, 2007, Edelman, Amicone, Hartnett, Fleming and

Porcari acting in concert provided and/or caused to be provided to the Westchester County

District Attorney, Janet DiFiore (hereinafter "DiFiore"), the complaint (referenced by "Porcari"

*supra* in paragraph "17") embodying all of the false information that they had published on the

blog and/or at Asbury Church with the objective of having DiFiore arrange for a First

Amendment retaliatory criminal investigation of Zherka and all of the other Robertson campaign

contributors identified on the blog - - including Plaintiff. Defendants' objective in doing so was

to chill Plaintiff, Zherka, and those other contributors' in the future exercise of their First

Amendment protected rights and to cause them injury and damages in connection with their

private business and/or social activities.

32. DiFiore agreed to assist Defendants and, in order to deflect from herself and/or her

Office (because she in her capacity as District Attorney has personally threatened Zherka

regarding a news article published in The Westchester Guardian regarding her husband's attempt

to bribe a candidate who was running against DiFiore for elective office and because she

informed a now-former political confident of hers that she was going to "get" Zherka), she

11

contacted a New York County Assistant District Attorney, Matthew Bogdanos, through her (DiFiore's) husband, Dennis Glazer, Esq. who: is a personal friend of Bogdanos; whose law firm has hosted legal seminars and/or programs with and/or on behalf of Bogdanos; and whose law firm has over the years hired former Assistant District Attorneys from New York County upon their retirement and/or resignation from the Manhattan District Attorney's Office. In that connection Bogdanos is nearing retirement as an Assistant District Attorney.

33. Bogdanos, as a self-serving political and personal accommodation to DiFiore's husband and DiFiore, agreed on the basis of subjective bad faith to investigate Plaintiff, Zherka, and the other Robertson campaign contributors despite the complete lack of any evidence of criminal wrong-doing; the complete lack of jurisdiction by the New York County District Attorney's Office over any supposed "crimes" as fabricated by Defendants, and solely because those persons exercised their First Amendment protected right to advocate against Amicone and in favor of Robertson as a candidate for Mayor in Yonkers in 2007.

34. Knowing that the allegations against Plaintiff, Zherka and the other Robertson campaign contributors were totally false, Bogdanos agreed to engage in investigative activities having adopted/embraced Defendants' objectives of: destroying Plaintiff and Zherka's reputations; destroying and/or damaging Plaintiff's businesses; chilling her in the exercise of his First Amendment rights; punishing her for her exercise of her First Amendment rights in supporting Robertson in his election campaign against Amicone; deterring, intimidating, and/or threatening Plaintiff and; injuring Plaintiff and Zherka in their person or property on account of their having engaged in First Amendment protected conduct.

35. In connection with that investigation Bogdanos for the benefit of Defendants

12

and without evidence whatsoever involving the commission by Plaintiff and/or Zherka of any crime and/or crimes within and/or without his jurisdiction has: i) advised at least one attorney who in the past has had an attorney/client relationship with Plaintiff, that he (Bogdanos) is investigating Zherka by reason of his Albanian mob connection, tax fraud, money laundering, illicit drug dealings, and operation of a prostitution ring; ii) encouraged and/or permitted at least one investigator in the New York County District Attorney's Office to advise a supposed witness that Zherka is the biggest drug dealer in New York; iii) issued dozens of "grand jury" subpoenas (with documents to be produced pursuant to same in Bogdanos' office rather than having the subpoenas returnable before any sitting grand jury) to every corporation and/or person identified by Defendants (including Plaintiff's corporations) as having made financial contributions to the Robertson election campaign - - deliberately impairing Plaintiff's reputation, business operations, and business relationships; iv) published and/or re-published the false allegations that Defendants had posted on the blog;  v) falsely reporting to an organized crime investigative unit of the New York City Police Department that Zherka is an Albanian mobster; and *inter alia* vi) otherwise assisted Defendants in violating Plaintiff's rights and those of Zherka.

36. As a proximate result of Defendants' conduct Plaintiff has been caused to suffer: multiple violation of his rights as protected by the First Amendment to the United States Constitution; multiple violations of his rights as protected by 42 U.S.C. §1985(2); a chilling of his prospective exercise of his First Amendment protected rights; *per se* slander; irreparable injury to his professional reputation; emotional upset; anxiety; public humiliation; public shame; public embarrassment; and he has otherwise been rendered sick and sore.

13

### AS AND FOR A FIRST CLAIM
### AGAINST ALL DEFENDANTS

37. Repeats and realleges as if fully set forth the allegations of fact contained in paragraphs "1" to "36" inclusive.

38. Under the premises Defendants' conduct violated Plaintiff's rights as guaranteed by the First Amendment to the United States Constitution, 42 U.S.C. 1983.

### AS AND FOR A SECOND CLAIM
### AGAINST ALL DEFENDANTS

39. Repeats and realleges as if fully set forth the allegations of fact contained in paragraphs "1" to "36", inclusive.

40. Under the premises Defendants' conduct violated Plaintiffs right as guaranteed by 42 U.S.C. 1985(2).

### AS AND FOR A THIRD CLAIM
### AGAINST DEFENDANTS EDELMAN,
### AMICONE, HARTNETT, PORCARI, AND
### FLEMING IN THEIR INDIVIDUAL CAPACITIES
### AS POSTERS ON THE BLOG

41. Repeats and realleges as if fully set forth the allegations of fact contained in Paragraphs "1" to "35", inclusive.

42. Under the premises Defendants' published utterances constituted *per se* defamation actionable for damages under the common law of the State of New York.

WHEREFORE a judgment is respectfully demanded:

    a. On the First and Second Claims awarding against the individually

14

named Defendants such punitive damages as the jury may

impose,

b. On the First and Second Claims awarding against the individually

named Defendants such compensatory damages as the jury may determine,

c. On the Third Claim permanently awarding against Defendants such

compensatory damages as the jury may determine,

d. On the First and Second Claims awarding reasonable attorney's fees

and costs; and,

e. Granting such other and further relief as to the Court seems just and proper.

Dated: White Plains, N.Y.
    June 25, 2008

Jonathan Lovett, Esq.
Attorneys for Plaintiff
By:
Jonathan Lovett (4854)
222 Bloomingdale Road
White Plains, N.Y. 10605
914-428-8401

15

# EXHIBIT B

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------x

# 07 CIV. 7080

MARIBEL AYALA, DOMINICA L. O'NEILL,
RICHARD A. GUZMAN, and CESAR
CASTILLO,

                              Plaintiffs,

                                                    07 Civ.    (        )

            -against-

PHILIP AMICONE, individually,                       **COMPLAINT**
EDMUND HARTNETT, individually,
JOHN A. LISZEWSKI, individually
CITY OF YONKERS, New York,
PAUL WOOD, individually, POLICE                     Jury Trial Demanded
OFFICERS JOHN DOE'S #1 to #20,
individually; and SANITATION WORKERS
#1 to #20,

                              Defendants.

------------------------------------------------------x



AUG - 9 2007

USDC WP SDNY

Plaintiffs MARIBEL AYALA, DOMINICA L. O'NEILL, RICHARD A.

GUZMAN and CESAR CASTILLO, by their attorneys Lovett & Gould, LLP, for their

complaint respectfully state:

## NATURE OF THE ACTION

1. This is an action for compensatory and punitive damages, proximately the

result of conduct jointly engaged in by the Defendants while acting under color of the

laws of the State of New York, for violations of Plaintiffs' rights as guaranteed by reason

of the First and Fourteenth Amendments to the United States Constitution, 42 U.S.C.

§1983.

1

## JURISDICTION

2. The Court's jurisdiction is invoked pursuant to 28 U.S.C. §§1331, 1343.

## THE PARTIES

3. Plaintiffs MARIBEL AYALA, DOMINICA L. O'NEILL, RICHARD A. GUZMAN, and CESAR CASTILLO are citizens of the United States, domiciliaries of the State of New York, and residents of the Northern Counties. At all times relevant to this complaint Plaintiffs were employed by The Guardian News, Inc., a New York domestic business corporation having its principal office for the conduct of business at 251 North Avenue, New Rochelle, New York. On a weekly basis the corporation publishes and disseminates, by *inter alia*, use of so-called newsracks, a free newspaper known as "The Westchester Guardian" (hereinafter "Guardian"). That publication focuses on and reports about amongst other things municipal corporate corruption in the incumbent administration of the City of Yonkers.

4. Defendant PHILIP AMICONE (hereinafter "Amicone"), who is sued in his individual and personal capacities only, at all times relevant to this complaint was the duly elected, incumbent Mayor of the Defendant City,

5. Defendant EDMUND HARTNETT (hereinafter "Hartnett"), who is sued in his individual and personal capacities only, at all times relevant to this complaint was the duly appointed, incumbent Police Commissioner for the Defendant City,

6. Defendant JOHN A. LISZEWSKI (hereinafter "Liszewski"), who is sued in his individual and personal capacities only, at all times relevant to this complaint was the duly appointed, incumbent Commissioner of Public Works for the Defendant City,

2

7. Defendant CITY OF YONKERS, New York (hereinafter "City"), is a municipal corporate subdivision of the State of New York, duly existing by reason of and pursuant to the laws of said State.

8. Defendants PAUL WOOD (hereinafter "Wood"), who is sued in his individual and personal capacities only, at all times relevant to this complaint was a sworn members of the City of Yonkers' Police Department.

9. POLICE OFFICERS JOHN DOE'S #1 to #20 and SANITATION WORKERS #1 to #20, each of whom is sued in his/her individual and personal capacities only, are sworn members of the City's Police Department and members of the City's Department of Public Works. Although their identities are presently unknown, their names will be ascertained during discovery at which time Plaintiff will seek leave of the Court to add their actual names to the complaint.

### THE FACTS

10. On the front page of the Guardian published July 5, 2007, the headline was: "Amicone Sells Out Families of Yonkers. . .Embraces Giulio Cavallo; Brings in Nick Spano Mob". In that connection:

    a. A page "2" article referenced Amicone as a "Man Who Would: Take the endorsement of Nick Spano, a fallen, crooked politician, and create taxpayer-funded jobs for his mob; Bring Giulio Cavallo, a political prostitute who sells cross-endorsements for cash, into the election process; Run on a party line whose chairman, Zehy Jereis, is an election fraudster and a convicted drug dealer", and,

3.

b. A page "4" editorial that, *inter alia*, expressed the following "Opinion": "Such has been the sordid tale of recent elections in Westchester, and particularly in the City of Yonkers. Given that history, we believe that the race for Mayor of Yonkers, pitting incumbent Republican Phil Amicone, and every undesirable political creature he can muster, against Independent Nader Sayegh, and Democrat Dennis Robertson, in a context that will require the utmost attention of the Voters' Rights Division of the Justice Department, and the provision of sufficient observers and enforcement personnel to protect the integrity of the outcome."

11. On the front page of the Guardian published the week of July 9, 2007, the headline read:

"A Tale of Two Cities", beneath which to the left was a photograph of the Mayor of Mount Vernon, New York (Ernie Davis), and beneath which to the right was a photograph of Amicone. The Davis photograph bore the legend: "DUMB". The Amicone photograph bore the legend: "DUMBER" (hereinafter collectively referred to as "DUMB & DUMBER") - - in connection with which readers were invited to "See In Our Opinion, p4".

12. In the editorial concerning the front page story, captioned "In Our Opinion . . .Sodom and Gomorrah", the Guardian expressed *inter alia* the following thoughts regarding Davis and Amicone:

"We must sadly conclude that Davis and Amicone have each been abject failures, little more than caretakers, at best, not likely to improve the circumstances of the city they have been entrusted with, if placed back into their present positions. In short, we believe

4

Ernie Davis and Phil Amicone have not only squandered vast human and financial resources, but also the wonderful opportunity to bring about significant positive change.

Consider the fact that Mount Vernon and Yonkers are each under Federal Investigation. . .in connection with projects and programs involving huge sums of money. . .There's a distinct odor of fish somehow attached to these financial mysteries.

. . .As regards crime, there is no denying that street crime and gun violence in both Yonkers and Mount Vernon have been spiraling out of control under Amicone and Davis respectively. Additionally, the Yonkers Police Department has had, and continues to have, a well-deserved reputation for police brutality, a problem neither Phil Amicone nor Commissioner Hartnett have made any convincing effort to abate.

*        *        *

The decay and destruction of formerly strong, proud neighborhoods and public schools under Davis and Amicone has been the inevitable product of corrupt, uninspired administrations more concerned with satisfying and fattening political powerbrokers and criminal elements such as Giulio Cavallo, Zehy Jereis, Nicky Spano, Larry Schwartz, Reggie LaFayette, and their ilk. . .In short, we believe Ernie and Phil have been marching to the beat of the wrong drummer for quite some time, and are not likely to alter their cadence anytime soon."

.5

13. Commencing during the week of July 9, 2207, and continuing thereafter, the owner of the Guardian and a number of Guardian employees including Plaintiffs repeatedly sought to distribute inside and/or outside Yonkers' City Hall:

a. Copies of DUMB & DUMBER as contained in the Guardian

b. Copies of the July 26, 2007, Guardian the front page headline of which reported: "Guardian Publisher Offers $25,000 Reward For Information Leading to the Arrest and Conviction of Westchester Public Officials and Politicians Who Have Broken the Law and Betrayed the Public Trust", and,

c. Copies of the August 2, 2007, Guardian the front page headline of which read: "Phil Amicone A Huge Flop! Fails to Deal With Police Brutality. Sharpton Correctly Identifies Problem As Not Targeting Only the Minority Community".

14. In that connection pursuant to a coordinated action orchestrated by Amicone, Hartnett, Liszewsky, their co-defendants and numerous members of the City's Police and Public Works Departments, all copies of the Guardian were repeatedly confiscated and discarded by Defendants - - hateful conduct motivated in whole or in substantial respect by the substantive content of the Guardian concerning Amicone and the Yonkers Police.

15. Also in that connection and pursuant to the same coordinated action, Guardian newsracks were repeatedly confiscated and/or discarded by Defendants under the direction of Liszewski, action taken by similarly motivated hateful conduct.

16. As a further consequence of that coordinated action, Defendants repeatedly and daily targeted employees of The Guardian News, Inc.", as indicated *infra*, threatened them with arrest, and charged them criminally - - with the same motivation and the

6

objective of entirely stopping dissemination of the Guardian in and about City Hall and the City because of its substantive content.

17. By way of contrast publications favorable to Amicone and the City (such as "Yonkers City of Vision") were permitted by the Defendants to be dispensed from *inter alia*:

      a. A newsrack, located on a stairway in City Hall, and

      b. A counter at a security desk in City Hall as manned by a uniformed Police Officer.

18. Also by way of contrast, persons distributing the publications favorable to Amicone and the City were permitted with impunity by Defendants to place those periodicals:

      a. In the stairway newsrack referenced *supra*, and,

      b. On the security desk counter as referenced *supra*.

19. For the purpose of disseminating copies of the Guardian as referenced *supra* each of the Plaintiff was, amongst others, assigned by The Guardian News, Inc. to work in the City and at and about Yonkers' City Hall and in that connection to non-disruptively give to willing recipients, copies of the Guardian.

20. As a proximate result of Plaintiffs' conduct each was confronted by City Police Officers, including Wood and

      a. Ordered to cease distributing the Guardian on the supposed premise that its distribution was illegal in Yonkers,

      b. Issued criminal informations charging them with distributing the Guardian,

7

b. Ordered to leave the premises,

c. Threatened with arrest/incarcerate should they return to distribute the Guardian, and,

d. Coerced to depart from the City by intimidation.

21. Under the premises Defendants' conduct has caused Plaintiffs to be chilled in the exercise of their First Amendment rights as a consequence of which they will not prospectively distribute the Guardian in the City; emotional upset; public embarrassment; public humiliation; shame; impairment of their right to liberty to the extent they are required by the criminal informations to appear in Yonkers City Court under threat of issuance of a bench warrant; anxiety; punishment for exercising their right of free speech; selectively punished, in contrast to distributors of periodicals favorable to Amicone and the City; and otherwise rendered sick and sore.

## AS AND FOR A FIRST CLAIM

22. Repeats and realleges as if fully set forth the allegations of fact contained in paragraphs "1" to "20", inclusive.

23. Under the premises Defendants violated Plaintiffs' rights as guaranteed by the First Amendment to the United States Constitution, 42 U.S.C. §1983.

## AS AND FOR A SECOND CLAIM

24. Repeats and realleges as if fully set forth the allegations of fact contained in paragraphs "1" to "20", inclusive.

8

25. Under the premises Defendants violated Plaintiffs' rights as guaranteed by the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution, 42 U.S.C. §1983.

WHEREFORE a judgment is respectfully demanded:

    a.  Awarding against all Defendants such compensatory damages as the jury may determine,

    b.  Awarding against the individually named Defendants such punitive damages as the jury may impose,

    c.  Permanently enjoining Defendants from interfering with Plaintifs' distribution and/or dissemination of the Guardian within the City and/or City Hall,

    d.  Declaring that Defendants' conduct violated Plaintiffs' rights as guaranteed by the First and Fourteenth Amendments,

    e.  Awarding as against all Defendants reasonable attorney's fees and costs, and,

    f.  Granting such other and further relief as to the Court seems just and proper.

Dated: White Plains, N.Y.
       August 8, 2007

                              LOVETT & GOULD, LLP
                              Attorneys for Plaintiff
                              By:_____
                              Jonathan Lovett (4854)
                              222 Bloomingdale Road
                              White Plains, N.Y. 10605
                              914-428-8401

# EXHIBIT C

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------x

**ORIGINAL**

MARIBEL AYALA, NICOLE A. PACHECO,
DOMENICA L. O'NEILL, MICHAEL
C. ESTRADA, RICHARD A. GUZMAN,
MICHAEL K. GUEVARA, CESAR
CASTILLO, MAUMER KLLAPIJA,
JASON GONZALEZ, and CRISTIAN
SALAZAR,

**07 CIV. 8186**

07 Civ (

Plaintiffs,                     **COMPLAINT**

-against-

CITY OF YONKERS, New York,

Defendant.

--------------------------------------------------------x

Plaintiffs MARIBEL AYALA, NICOLE A. PACHECO, DOMENICA L.

O'NEILLL, MICHAEL C. ESTRADA, RICHARD A. GUZMAN,  MICHAEL K.

GUEVARA, CESAR CASTILLO, MAUMER KLLAPIJA, JASON GONZALEZ and

CRISTIAN SALAZAR, by their attorneys Lovett & Gould, LLP, respectfully state:


**NATURE OF THE ACTION**

1.   This is an action for declaratory and injunctive relief proximately resulting

from Defendant's application to Plaintiffs of a certain provision of the Yonkers' City

Code which, on its face and as applied, violates of Plaintiffs' rights as guaranteed by the

First Amendment to the United States Constitution, 42 U.S.C. §1983.

1

## JURISDICTION

2. The Court's jurisdiction is invoked pursuant to 28 U.S.C. §§1331, 1343.

## THE PARTIES

3. Plaintiffs MARIBEL AYALA, NICOLE A. PACHECO, DOMENICA L. O'NEILL, MICHAEL C. ESTRADA, RICHARD A. GUZMAN,    MICHAEL K. GUEVARA, CESAR CASTILLO, MAUMER KLLAPIJA, JASON GONZALEZ and CRISTIAN SALAZAR are citizens of the United States, domiciliaries of the State of New York, and residents of the Northern Counties. At all times relevant to this complaint each Plaintiff was employed by The Guardian News, Inc., a New York domestic business corporation having its principal office for the conduct of business at 251 North Avenue, New Rochelle, New York. On a weekly basis the corporation publishes and disseminates a free newspaper known as "The Westchester Guardian" (hereinafter "Guardian"). That publication focuses on and reports about amongst other things municipal corporate corruption in the incumbent administration of the City of Yonkers.

4. Defendant CITY OF YONKERS, New York (hereinafter "City") is a municipal corporate subdivision of the State of New York duly existing by reason of and pursuant to the laws of said State.

## THE FACTS

5. During the months of July and August of 2007 Plaintiffs non-disruptively distributed and/or attempted to distribute on public property in the City various editions of the Guardian - - each one of which contained editorials and/or reports critical of either the incumbent Mayor of the City and/or the City's Police Department.

6. As a result numerous police officers employed by the City charged Plaintiffs with violating Section 100-35 of the City's Code which in relevant part provides, without any time, place and/or manner limitations whatsoever:

> "No person shall distribute, hand out or cast about any card, circular, pamphlet or printed matter within any park or upon any public place."

## AS AND FOR A CAUSE OF ACTION

7. Repeat and reallege as if fully set forth the allegations of fact contained in paragraphs "1" to "6", inclusive.

8. Code Section 100-35 on its face and as applied to Plaintiffs violate their rights as guaranteed by the First Amendment to the United States Constitution, 42 U.S.C. §1983.

WHEREFORE a judgment is respectfully requested:

   a. Declaring unconstitutional on its face and as applied the referenced Code section,

   b. Permanently enjoining the City from applying, with respect to Plaintiffs' non-disruptive distribution of the Guardian within the City the subject Code section,

3

c.  Awarding costs and reasonable attorney's fees, and,

d.  Granting such other and further relief as to the Court seems just and

   proper.

Dated:  White Plains, N.Y.
        September 18, 2007

                                        LOVETT & GOULD, LLP
                                        By:
                                        Jonathan Lovett (4854)
                                        Attorneys for Plaintiff
                                        222 Bloomingdale Road
                                        White Plains, New York 10605
                                        914-428-8401

4