UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

DOMINICA O'NEILL,

                      Plaintiff,

-against-

MICHAEL R. EDELMAN a/k/a "THE CONSULTANT", individually, Phillip Amicone, individually and in his capacity as Mayor of the City of Yonkers, New York, EDMUND HARTNETT, individually, and as Police Commissioner of the City of Yonkers, New York, JOHN FLEMING a/k/a "MOB BUSTER", individually and in his capacity as Executive Assistant to the Mayor of the City of Yonkers, New York, LAWRENCE PORCARI a/k/a "ETHAN EDWARDS", individually and in his capacity as Assistant Corporation Counsel for the City of Yonkers, New York, and the CITY OF YONKERS, New York,

                      Defendants

Case No. 08 Civ. 5757 (CLB)

---

### MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS

---

DELBELLO DONNELLAN WEINGARTEN
WISE & WIEDERKEHR, LLP
1 North Lexington Avenue
White Plains, New York 10601
(914) 681-0200

Attorneys for Defendants
Philip Amicone, Edmund Hartnett,
John Fleming, Lawrence Porcari and
the City of Yonkers

# **TABLE OF CONTENTS**

                                                                                                                        **Page**

PRELIMINARY STATEMENT............................................................................... 2

LEGAL ARGUMENT............................................................................................ 3

    I.       The Complaint Should be Dismissed for Lack of
            Standing Under Rule 12(b)(1)................................................................ 3

    II.      The Complaint Should be Dismissed Under Rule 12(b)(6).................. 4

            A.      The First Cause of Action Should be
                   Dismissed Under Rule 12(b)(6)......................................... 5

            B.      The Second Cause of Action Should be
                   Dismissed Under Rule 12(b)(6)......................................... 6

            C.      The Third Cause of Action Should be
                   Dismissed Under Rule 12(b)(6)......................................... 7

CONCLUSION...................................................................................................... 8

# **TABLE OF AUTHORITIES**

**Case**                                                                                                          **Page**

*Alliance for Envtl. Renewal, Inc. v. Pyramid Crossgates Co.*,
    436 F.3d 82 (2d Cir. 2006)..................................................................................3

*Angio-Medical Corp. v. Eli Lilly & Co.*,
    720 F. Supp. 269 (S.D.N.Y. 1989).................................................................... 5, 7

*Anyanwu v. Columbia Broadcasting Sys., Inc.*,
    887 F. Supp. 690 (S.D.N.Y. 1995)........................................................................ 5

*APWU, AFL-CIO v. Potter*,
    343 F.3d 619 (2d Cir.2003).................................................................................. 3

*Aurecchione v. Schoolman Transp. Sys., Inc.*,
    426 F.3d 635 (2d Cir. 2005).................................................................................. 3

*Bell Atlantic Corp. v. Twombly*,
    127 S.Ct. 1955 (2007).....................................................................................4, 5

*Celle v. Filipino Reporter Enterprises Inc.*,
    209 F.3d 163 (2d Cir. 2000).............................................................................. 5, 7

*Chalal v. Paine Webber, Inc.*,
    725 F.2d 20 (2d Cir. 1984)................................................................................... 7

*Church of Scientology Int'l v. Eli Lilly & Co.*,
    778 F. Supp. 661 (S.D.N.Y. 1991)....................................................................... 6

*Church of Scientology Int'l v. Time Warner, Inc.*,
    806 F. Supp. 1157 (S.D.N.Y. 1992)..................................................................... 5

*Cuban v. Kapoor Bros., Inc.*,
    No. CV-83-4954, 1986 WL 31564 (E.D.N.Y. Jan. 30, 1986)........................... 7

*Diaz v. NBC Universal, Inc.*,
    536 F. Supp. 2d 337 (S.D.N.Y. 2008)................................................................ 5, 6

*Geaney v. McCarron*,
    No. 01 Civ. 9260 (BSJ), 2003 WL 1701975 (S.D.N.Y. Mar. 31, 2003)............ 7

*Hayes v. Niagara Mohawk Power Corp.*,
    No. 04-CV-0158E, 2006 WL 2335226 (W.D.N.Y. Aug. 11, 2006).................. 6

-

| **Case** | **Page** |
| --- | --- |

*Iqbal v. Hasty,*
  490 F.3d 143 (2d Cir. 2007).................................................................. 4

*Johnson & Johnson v. Guidant Corp.,*
  525 F. Supp. 2d 336 (S.D.N.Y. 2007)......................................................4

*Marakova v. U.S.,*
  201 F.3d 110 (2d Cir. 2000).................................................................. 3

*Mazzaro de Abreu v. Bank of America Corp.,*
  525 F. Supp. 2d 381 (S.D.N.Y. 2007)..................................................... 4

*Meloff v. New York Life Ins. Co.,*
  240 F.3d 138, 146 (2d Cir. 2001)........................................................... 6

*Petrohawk Energy Corp. v. Law Debenture Trust Co. of N.Y.,*
  No. 06 Civ. 9404 (DLC), 2007 WL 211096 (S.D.N.Y. Jan. 29, 2007)................3

*Schiffer v. Tarrytown Boat Club, Inc.,*
  219 A.D.2d 704, 631 N.Y.S.2d 435 (2d Dept. 1995).................................. 6

*Treppel v. Biovail Corp.,*
  No. 03 Civ. 3002(PKL), 2005 WL 2086339 (S.D.N.Y. Aug. 30, 2005)............ 6

*Wetzel v. Town of Orangetown,*
  No. 06 Civ. 5144 (SCR)(MDF), 2007 WL 3009999 (S.D.N.Y. Oct. 12, 2007)......3

*Woods v. Empire Health Choice, Inc.,*
  No. 05 CV 0577 (DLI)(LB), 2007 WL 2406876 (E.D.N.Y. Aug. 20, 2007).........3

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

DOMINICA O'NEILL,

                                Plaintiff,

-against-

MICHAEL R. EDELMAN a/k/a "THE CONSULTANT", individually, Phillip Amicone, individually and in his capacity as Mayor of the City of Yonkers, New York, EDMUND HARTNETT, individually, and as Police Commissioner of the City of Yonkers, New York, JOHN FLEMING a/k/a "MOB BUSTER", individually and in his capacity as Executive Assistant to the Mayor of the City of Yonkers, New York, LAWRENCE PORCARI a/k/a "ETHAN EDWARDS", individually and in his capacity as Assistant Corporation Counsel for the City of Yonkers, New York, and the CITY OF YONKERS, New York,

                                Defendants

**Case No. 08 Civ. 5757 (CLB)**

---

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS

Defendants Philip Amicone, Edmund Hartnett, John Fleming, Lawrence Porcari and the City of Yonkers (collectively, "Defendants"), by and through their attorneys, DelBello Donnellan Weingarten Wise & Wiederkehr, LLP, respectfully submit this memorandum of law, together with the accompanying Declaration of Brian T. Belowich dated August 12, 2008 ("Belowich Dec."), in support of Defendants' motion to dismiss the Complaint herein (the "Complaint") pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure.

## PRELIMINARY STATEMENT

Dominica O'Neill ("O'Neill") is one of more than sixty plaintiffs to have been named in the fourteen related lawsuits filed in the past year by Selim Zherka ("Zherka") and his minions.[1] Zherka is the owner and publisher of the Westchester Guardian newspaper. Zherka has enlisted the services of O'Neill and countless others (including employees of the Westchester Guardian and those who profess to be "avid readers" of the Westchester Guardian) to file lawsuits alleging that they have somehow been "damaged" as a result of the supposed violation of their First Amendment and Equal Protection rights.

O'Neill alleges in this action that she is "an employee of a corporation owned by" Zherka, a "former partner of Zherka in certain real estate transactions," a "manager of certain real estate on behalf of Zherka" and a principal of certain corporations owned by Zherka. She also alleges that she suffered unspecified damages because one of the defendants made a "blog entry" correctly identifying O'Neill as a named plaintiff in one of Zherka's lawsuits (O'Neill is in fact a named plaintiff in Case Nos. 07 Civ. 7080 and 07 Civ. 8186).[2]

The allegations set forth in the Complaint are insufficient to establish a justiciable case or controversy under Article III of the United States Constitution. They are also insufficient to establish any cognizable cause of action. The Complaint should therefore be dismissed in its entirety pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure.

---

[1] The fourteen related lawsuits include: *Guevara v. Amicone* (07 Civ. 6941); *Smith v. Amicone* (07 Civ. 6946); *Ayala v. Amicone* (07 Civ. 7080); *Kllapija v. Amicone* (07 Civ. 7595); *Gonzales v. Amicone* (07 Civ. 7600); *Dzikovic v. Amicone* (07 Civ. 7692); *Sayegh v. Amicone* (07 Civ. 8048); *Lukaj v. Amicone* (07 Civ. 8184); *Ayala v. City of Yonkers* (07 Civ. 8186); *Zherka v. Amicone* (08 Civ. 9618); *Blassberg v. Amicone* (08 Civ. 1506); *Zherka v. Bogdanos* (08 Civ. 2062); *Morales v. Edleman* (08 Civ. 5756); and *O'Neill v. Edelman* (08 Civ. 5757).

[2] O'Neill alleges in those lawsuits that she is "employed by The Guardian News Inc., a New York domestic business corporation" which publishes and disseminates The Westchester Guardian newspaper on a weekly basis. *See* Belowich Aff., Exs. B & C at ¶ 3. O'Neill further alleges that she was damaged as a result of the violation of her First Amendment and Equal Protection rights. *See id.* at ¶¶ 22-25.

2

**LEGAL ARGUMENT**

I. **THE COMPLAINT SHOULD BE DISMISSED FOR LACK OF STANDING UNDER RULE 12(b)(1)**

It is well-settled that the plaintiff bears the burden of establishing subject matter jurisdiction by a preponderance of the evidence. *See Marakova v. U.S.*, 201 F.3d 110, 113 (2d Cir. 2000); *APWU, AFL-CIO v. Potter*, 343 F.3d 619, 627 (2d Cir.2003). It is equally well-settled that the district court must dismiss a case for lack of subject matter jurisdiction if it lacks the statutory or constitutional authority to adjudicate plaintiff's claims.[3] *See Aurecchione v. Schoolman Transp. Sys., Inc.*, 426 F.3d 635, 638 (2d Cir. 2005). *See also Wetzel v. Town of Orangetown*, No. 06 Civ. 5144 (SCR)(MDF), 2007 WL 3009999, *5 (S.D.N.Y. Oct. 12, 2007). The Court in *Wetzel* explained this legal principle as follows:

> The fundamental aspect of standing is that it focuses on the party seeking to get his complaint before a federal court and not on the issues he wishes to have adjudicated. Irrespective of the merits of a plaintiff's substantive claims, Article III requires us, as a threshold matter, to determine whether the plaintiff has alleged such a personal stake in the outcome of the controversy as to warrant his invocation of federal court jurisdiction and to justify exercise of the court's remedial powers on his behalf.
>
> The irreducible constitutional minimum of standing contains three elements: (1) there must be an injury in fact – an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical; (2) there must be a causal connection between the injury and the conduct complained of; and (3) it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision.

*Wetzel*, 2007 WL 3009999, at *5 (internal citations omitted). *See also Woods v. Empire Health Choice, Inc.*, No. 05 CV 0577 (DLI)(LB), 2007 WL 2406876, *3-4 (E.D.N.Y. Aug. 20, 2007).

---

[3] "Article III standing is properly challenged through a motion to dismiss under Rule 12(b)(1)." *Petrohawk Energy Corp. v. Law Debenture Trust Co. of N.Y.*, No. 06 Civ. 9404 (DLC), 2007 WL 211096 (S.D.N.Y. Jan. 29, 2007) (citing *Alliance for Envtl. Renewal, Inc. v. Pyramid Crossgates Co.*, 436 F.3d 82, 88 n. 6 (2d Cir. 2006)). "A district court must generally establish that the plaintiff has Article III standing first, before deciding a case on the merits, such as on a Rule 12(b)(6) motion to dismiss." *Id.*

O'Neill has utterly failed to satisfy the standard articulated above. O'Neill has not alleged that: (1) she sustained a concrete and particularized injury in fact; (2) there was a causal connection between the injury and the conduct complained of; or (3) the injury would likely be redressed by a favorable decision. O'Neill merely alleges that she is "an employee of a corporation owned by" Zherka, a "former partner of Zherka in certain real estate transactions," a "manager of certain real estate on behalf of Zherka" and a principal of certain corporations owned by Zherka. *See* Belowich Dec., Ex. A at ¶ 3. O'Neill also alleges that one of the defendants made a "blog entry" correctly identifying O'Neill as a named plaintiff in one of Zherka's many lawsuits. *See id.* at ¶ 14. Virtually all of the other statements referenced in the Complaint refer to Zherka -- not O'Neill. *See id.* at ¶¶ 10-13, 15-27. It is clear that O'Neill lacks standing to bring this lawsuit. The Complaint should therefore be dismissed.

## II. THE COMPLAINT SHOULD BE DISMISSED UNDER RULE 12(b)(6)

The Complaint should also be dismissed under Rule 12(b)(6) of the Federal Rules of Civil Procedure. In deciding a motion to dismiss under Rule 12(b)(6), courts must apply "a flexible 'plausibility standard,' which obliges a pleader to amplify a claim with some factual allegations in those contexts where such amplification is needed to render the claim plausible." *Johnson & Johnson v. Guidant Corp.*, 525 F. Supp. 2d 336, 345 (S.D.N.Y. 2007) (citing *Iqbal v. Hasty*, 490 F.3d 143, 158 (2d Cir. 2007). "Under this standard, a complaint may be dismissed where it fails to plead 'enough facts to state a claim to relief that is plausible on its face.'" *Id.* (citing *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1974 (2007)).[4]

---

[4] The Supreme Court in *Twombly* overturned the pleading standard previously set forth in *Conley v. Gibson*, "which had provided that a motion to dismiss should be granted only if 'it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Mazzaro de Abreu v. Bank of America Corp.*, 525 F. Supp. 2d 381, 387 n. 10 (S.D.N.Y. 2007) (citing *Twombly*, 127 S.Ct. at 1968). "In *Twombley*, the Supreme Court [stated] that *Conley's* 'no set of facts language [had] been questioned, criticized, and explained away long enough,' has 'earned its retirement,' and is now 'best forgotten.'" *Id.* (citing *Twombly*, 127 S.Ct. at 1965).

"A plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* (citing *Twombly*, 127 S.Ct. at 1965). "In order to state a claim, the factual allegations 'must be enough to raise a right to relief above the speculative level.'" *Id.* "Where a plaintiff 'has not nudged its claims across the line from conceivable to plausible, its complaint must be dismissed." *Id.* at 345-46 (citing *Twombly*, 127 S.Ct. at 1974). O'Neill has failed to satisfy the requisite pleading standard set forth in *Twombly* and its progeny.

### A. The First Cause of Action Should be Dismissed Under Rule 12(b)(6)

To establish a cause of action based on libel under New York law, plaintiff must plead and prove each of the following elements: "(1) a written defamatory statement of fact <u>concerning the plaintiff</u>; (2) publication to a third party; (3) fault (either negligence or actual malice depending on the status of the libeled party); (4) falsity of the defamatory statement; and (5) special damages or per se actionability (defamatory on its face)." *Celle v. Filipino Reporter Enterprises Inc.*, 209 F.3d 163, 176 (2d Cir. 2000) (emphasis added) (citing *Church of Scientology Int'l v. Eli Lilly & Co.*, 778 F. Supp. 661 (S.D.N.Y. 1991) and *Angio-Medical Corp. v. Eli Lilly & Co.*, 720 F. Supp. 269 (S.D.N.Y. 1989)).

"Hornbook libel law requires that an allegedly defamatory statement must be 'of and concerning' a particular individual." *Diaz v. NBC Universal, Inc.*, 536 F. Supp. 2d 337, 342 (S.D.N.Y. 2008). *See also Anyanwu v. Columbia Broadcasting Sys., Inc.*, 887 F. Supp. 690, 692 (S.D.N.Y. 1995); *Church of Scientology Int'l v. Time Warner, Inc.*, 806 F. Supp. 1157, 1159-1160 (S.D.N.Y. 1992). "Although the 'of and concerning' requirement generally presents a factual issue for the jury, the Court properly may dismiss an action pursuant to Rule 12(b)(6) where the statements are incapable of supporting a jury's finding that the allegedly libelous

5

statements refer to plaintiff." *Diaz*, 536 F. Supp. 2d at 342 (internal citations omitted). "Whether the complaint alleges facts sufficient to demonstrate a reasonable connection between the plaintiff and the alleged libel is thus a question for the Court." *Id.*

The allegedly defamatory statements in this case do not concern O'Neill -- they concern Zherka. Moreover, the only statements that in any way "concern" O'Neill (i.e., that O'Neill is a party to certain lawsuits) are true. *See* Belowich Dec., Exs. B & C. It is well-settled that truth is an absolute defense to a libel action. *Meloff v. New York Life Ins. Co.*, 240 F.3d 138, 146 (2d Cir. 2001) (citing *Schiffer v. Tarrytown Boat Club, Inc.*, 219 A.D.2d 704, 631 N.Y.S.2d 435 (2d Dept. 1995)). "Even 'substantial trust' will preclude a finding of libel." *Id.* (citing *Guccione v. Hustler Magazine, Inc.*, 800 F.2d 298 (2d Cir. 1986)).

Even if the statements in the Complaint were false, they are not defamatory. "A defamatory statement is one that leaves an individual vulnerable to public hatred, shame, obloquy, contumely, odium, contempt, ridicule, aversion, ostracism, degradation, or disgrace, or which induces an evil opinion of one in the minds of right-thinking persons, and deprives one of confidence and friendly intercourse in society." *Treppel v. Biovail Corp.*, No. 03 Civ. 3002(PKL), 2005 WL 2086339, *7 (S.D.N.Y. Aug. 30, 2005) (internal citations omitted). The statements referenced in the Complaint can hardly be considered "defamatory."

### B.    The Second Cause of Action Should be Dismissed Under Rule 12(b)(6)

42 U.S.C. § 1985(2) "provides a civil cause of action for damages against persons who conspire to interfere with any party, witness or juror in any matter pending in a court of the United States, or who conspire to interfere with the 'due course of justice in any State or Territory' for the purpose of impeding the rights of another person." *Hayes v. Niagara Mohawk Power Corp.*, No. 04-CV-0158E, 2006 WL 2335226, *2 (W.D.N.Y. Aug. 11, 2006) (citing 42

6

U.S.C. § 1985(2)). "The essential allegations of a § 1985(2) claim of witness intimidation are: (1) a conspiracy between two or more persons; (2) to deter a witness by force, intimidation or threat from attending court or testifying freely in any pending matter; (3) which results in injury to the plaintiff." *Geaney v. McCarron*, No. 01 Civ. 9260 (BSJ), 2003 WL 1701975, *4 (S.D.N.Y. Mar. 31, 2003) (quoting *Chalal v. Paine Webber, Inc.*, 725 F.2d 20 (2d Cir. 1984)).

"It is well established that plaintiffs pursuing a claim alleging a conspiracy to deprive them of constitutional rights must set forth sufficient facts to establish the required elements, not merely vague and conclusory statements that track the statutory language." *Cuban v. Kapoor Bros., Inc.*, No. CV-83-4954, 1986 WL 31564, *14 (E.D.N.Y. Jan. 30, 1986) (citing cases). O'Neill has not alleged <u>any facts</u> sufficient to establish the elements required to plead a cause of action under 42 U.S.C. § 1985(2). *See* Belowich Aff., Ex. A at ¶¶ 10-36. O'Neill's 42 U.S.C. § 1985(2) claim must therefore be dismissed.

### C. The Third Cause of Action Should be Dismissed Under Rule 12(b)(6)

"New York recognizes certain statements as defamatory per se, meaning they are actionable without 'pleading and proof of special damages.'" *Celle*, 209 F.3d at 179 (citing *Davis v. Ross*, 754 F.2d 80 (2d Cir. 1985)). "Special damages consist of 'the loss of something having economic or pecuniary value which must flow directly from the injury to reputation caused by the defamation." *Id. See also Angio-Medical*, 720 F. Supp. at 272 ("For statements to be actionable per se, the defamatory character of the words must be such that injury to the person's reputation is a natural and proximate consequence"). "If a statement is defamatory per se, injury is assumed." *Cele*, 209 F.3d at 179. The statements in this case (i.e., that O'Neill is a party to certain lawsuits) are not defamatory, nor are they defamatory per se. The third cause of action should therefore be dismissed under Rule 12(b)(6).

7

## CONCLUSION

For all of the foregoing reasons, it is respectfully requested that this Court issue an Order: (i) granting Defendants' motion to dismiss the Complaint herein; and (ii) granting to Defendants such other and further relief as this Court deems just and proper.

Dated: White Plains, New York
       August 12, 2008

                            DELBELLO DONNELLAN WEINGARTEN
                            WISE & WIEDERKEHR, LLP

By: _____
Kevin J. Plunkett (KP 3049)
Brian T. Belowich (BB 6910)
Matthew S. Clifford (MC 1134)
1 North Lexington Avenue
White Plains, New York 10601
(914) 681-0200
Attorneys for Defendants
Philip Amicone, Edmund Hartnett,
John Fleming, Lawrence Porcari and
the City of Yonkers